IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, P-00376, | |
| Plaintiff(s), | No. C 11-0034 CRB (PR) |
| v. | ORDER OF SERVICE |
| C. WILLIAMS, et al., | |
| Defendant(s). | |

Plaintiff, a prisoner at California State Prison, Solano (SOL), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that, while incarcerated at the Correctional Training Facility (CTF), he was unlawfully found guilty of threatening staff without due process of law because, among other things, he was denied a staff assistant and an adequate opportunity to call witnesses and present evidence in his defense. He also alleges that the evidence against him was insufficient to support the finding of guilty. Plaintiff seeks damages and expungement of the disciplinary finding from his prison file.

### DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim unless the deprivation suffered was one of "real substance" as defined in Sandin v. Conner, 515 U.S. 472 (1995). "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487. Liberally construed, plaintiff's allegations state an arguable § 1983 claim for denial of due process and will be served on the named defendants. But plaintiff will have to establish that the deprivation suffered was one of "real substance" under Sandin. Compare Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (placement in segregated housing in and of itself does not implicate a protected liberty interest entitling a prisoner to procedural due process protections) with Wilkinson v. Austin, 545 U.S. 209, 223-25 ( 2005) (indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole

2

consideration, imposes an "atypical and significant hardship within the correctional context"); Serrano, 345 F.3d at 1078-79 (finding protected liberty interest implicated when wheelchair-assisted inmate was put in SHU not designed for disabled persons – where he was denied use of wheelchair, was not able to take a proper shower, could not use the toilet without hoisting himself up by the seat, had to crawl into bed by his arms, could not partake in outdoor exercise in the non-accessible yard and had to drag himself around a vermin-and cockroach-infested floor – because the placement forced prisoner to endure a situation far worse than a non-disabled person sent to the SHU would have to face) and Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (even if discipline imposed is not severe enough to implicate a protected liberty interest, it violates prisoner's right to procedural due process if the discipline is supported by "no evidence").

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants at CTF – Nurses C. Williams and Barbara Haug; Sergeants P. J. Popplewell and Ramos; Lieutenants J. Rivero and T. Grijalva; Captain W. J. Wilson; Correctional Officers V. M. Vaca and D. E. Thornburg; Associate Wardens W. Cohen and C. Nole; Acting Appeals Coordinator P. Mullens; and Warden Ben Curry – and at the Office of Inmate Appeals in Sacramento – Appeals Examiner D. Artis and Chief of Inmate Appeals N. Grannis. The clerk also shall serve a copy of this order on plaintiff.

/

 1         2.     In order to expedite the resolution of this case, the court orders as
 2  follows:
 3         a.     No later than 90 days from the date of this order, defendants
 4  shall file a motion for summary judgment or other dispositive motion.  A motion
 5  for summary judgment shall be supported by adequate factual documentation and
 6  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
 7  include as exhibits all records and incident reports stemming from the events at
 8  issue.  If defendants are of the opinion that this case cannot be resolved by
 9  summary judgment or other dispositive motion, they shall so inform the court
10  prior to the date their motion is due.  All papers filed with the court shall be
11  served promptly on plaintiff.
12         b.     Plaintiff's opposition to the dispositive motion shall be filed
13  with the court and served upon defendants no later than 30 days after defendants
14  serve plaintiff with the motion.
15         c.     Plaintiff is advised that a motion for summary judgment
16  under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
17  case. Rule 56 tells you what you must do in order to oppose a motion for
18  summary judgment.  Generally, summary judgment must be granted when there
19  is no genuine issue of material fact--that is, if there is no real dispute about any
20  fact that would affect the result of your case, the party who asked for summary
21  judgment is entitled to judgment as a matter of law, which will end your case.
22  When a party you are suing makes a motion for summary judgment that is
23  properly supported by declarations (or other sworn testimony), you cannot simply
24  rely on what your complaint says.  Instead, you must set out specific facts in
25  declarations, depositions, answers to interrogatories, or authenticated documents,
26  as provided in Rule 56(e), that contradicts the facts shown in the defendant's

1 declarations and documents and show that there is a genuine issue of material
2 fact for trial.  If you do not submit your own evidence in opposition, summary
3 judgment, if appropriate, may be entered against you.  If summary judgment is
4 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
5 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

6       Plaintiff is also advised that a motion to dismiss for failure to exhaust
7 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
8 case, albeit without prejudice.  You must "develop a record" and present it in
9 your opposition in order to dispute any "factual record" presented by the
10 defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
11 n.14 (9th Cir. 2003).

12       d.     Defendants shall file a reply brief within 15 days of the date
13 on which plaintiff serves them with the opposition.

14       e.     The motion shall be deemed submitted as of the date the
15 reply brief is due.  No hearing will be held on the motion unless the court so
16 orders at a later date.

17    3.     Discovery may be taken in accordance with the Federal Rules of
18 Civil Procedure.  No further court order is required before the parties may
19 conduct discovery.

20    4.     All communications by plaintiff with the court must be served on
21 defendants, or defendants' counsel once counsel has been designated, by mailing
22 a true copy of the document to defendants or defendants' counsel.

23 /
24 /
25 /
26 /
27
28                               5

1	5.	It is plaintiff's responsibility to prosecute this case.  Plaintiff must
2	keep the court and all parties informed of any change of address and must comply
3	with the court's orders in a timely fashion.  Failure to do so may result in the
4	dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
5	SO ORDERED.
6	DATED:   June 6, 2011                           _____
						CHARLES R. BREYER
7						United States District Judge